UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 08-0005 S |
| | ) | |
| MICHAEL KARPOWICH | ) | |

OBJECTION TO PRESENTENCE REPORT

Now comes Michael Karpowich, the Defendant in the above captioned matter, and makes the following objection to the presentence report ("PSR") filed in this matter. Specifically, Mr. Karpowich objects to the two level upward role in the offense adjustment applied by the probation department in this case for Abuse of Position of Trust under U.S.S.G. § 3B1.3.

The government's case showed that Mr. Karpowich committed bank fraud and embezzlement in April, 2007, at the Bank of America branch in North Kingston, RI, while employed by the bank as a "Banking Center Manager". *See* PSR ¶ 10. Mr. Karpowich pled guilty to the charges and admitted to two acts. First, he fraudulently applied for a credit line in a customer's name, and then used the credit line for his own purposes after it was approved by the bank. *Id*. Second, he embezzled approximately $8,600 from the bank. *Id*. Based on the information put forth by the government, the probation department assessed the upward adjustment concluding that Mr. Karpowich "used his position as Banking Center Manager to facilitate the offense".

The guidelines allow for an upward adjustment for abuse of trust when the defendant has used his fiduciary position to "significantly [facilitate] the commission or concealment of the offense". U.S.S.G. § 3B1.3. This adjustment does not apply when abuse of trust is germane to the offense; the Commission has in those instances already included that consideration into the base offense levels. *Id*. For example, the crime of embezzlement[1], Count II here, is a breach of fiduciary trust in itself and therefore the offense level already includes that consideration. A position of trust

[1] Essentially unlawful and unauthorized conversion of an employer's property by an employee for his own use.

is distinguished by professional or managerial discretion and authority. *Id*., at App. n. 1. The facts here, however, do not lead to the conclusion of an abuse of trust as described.

In order to assert this adjustment the Court must follow a two step analysis. *See, e.g., United States v. Reccko*, 151 F.3d 29, 31 (CA1 1998). First the Court must determine if the defendant did indeed occupy a position of trust. If not the inquiry ends. If the defendant was in a position of trust, however, then, step two, the Court must determine the extent that the defendant used that position to facilitate or conceal the crime (did the defendant use his position to significantly facilitate the crime?).

The facts present here fail to establish the first step. The Court can certainly take notice that Mr. Karpowich had the title of Banking Center Manager which, on its face, indicates some type of authority. The facts do not, however, explain what that job entails and do not detail any particular authority. The probation department has applied the adjustment seemingly on implication and supposition of what the title means. Titles can be deceiving and contrived, and certainly cannot suffice to establish actual authority. *See generally, United States v. Marles*, 408 F. Supp. 2d 38, 41-49 (D. Me. 2006) (discussing job positions, titles, authority and discretion in relation to abuse of trust under U.S.S.G. § 3B1.3); *Reccko*, 151 F.3d at 32-34. Absent actual information about the job the Court cannot reasonably infer a position of trust pursuant to this upward adjustment.

Although not a necessary consideration, the facts fail on step two as well. While Mr. Karpowich did obtain personal information in the course of his employment, he did not authorize the line of credit. He could not because he lacked the authority, specifically the discretion and trust of the bank, to perform such functions. Also of note, he did nothing to conceal or cover his actions by way of his employment. Regular auditing discovered Mr. Karpowich's actions and he immediately confessed to his transgressions.[2] Given these facts, again, the Court cannot reasonably infer that Mr. Karpowich abused a position of trust to commit this crime as envisioned in the guidelines.

The Court's decision on this issue presents an additional issue. The Court may not sentence

---

[2] Both the lack of authority, and ability, to effectuate this crime and the close supervision upon him by the bank by way of systematic auditing support the finding that Mr. Karpowich did not occupy a position of trust as envisioned by the guidelines.

a defendant based on facts neither admitted by him nor proved beyond a reasonable doubt. *See Blakely v. Washington*, 542 U.S. 296, 301-02, (2004); *Ring v. Arizona*, 536 U.S. 584, 592-593 (2002) (applying *Apprendi* to death penalty aggravating factors); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (requiring proof beyond a reasonable doubt of facts supporting hate crime enhancement). The fact that *United States v. Booker*, 543 U.S. 220 (2005), has made the sentencing guidelines advisory does not make the *Blakely* rule a dead letter. The Court must still find facts essential to the punishment meted out even with an advisory guideline. The defense asserts that the standard of proof must be beyond a reasonable doubt; certainly a defendant admission would satisfy that standard. The facts presented on the issue of position of trust here, however, cannot support any reasonable inference as to the position and authority which Mr. Karpowich held at the bank.

II. Conclusion

For all of these reasons, the Court must remove this upward adjustment from the guideline calculation in the PSR and recalculate the offense level accordingly.

Respectfully submitted
Michael Karpowich
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Andrew Reich, Assistant United States Attorney, and Dennis Jenkins, United States Probation Officer, on May 2, 2008.

/s/ Kevin J. Fitzgerald