UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 08-0005 S |
| | ) | |
| MICHAEL KARPOWICH | ) | |

---

MOTION FOR DOWNWARD DEPARTURE

Now comes Michael Karpowich, the Defendant in the above captioned matter, and moves this Honorable Court to depart downward from the advisory sentencing range in the PSR pursuant to U.S.S.G. § 5K2.20. Mr. Karpowich's aberrant conduct related to this offense clearly place him outside of the heartland of defendants before this court on similar charges, thus supporting a sentence representative of a downward departure.

Respectfully submitted
Michael Karpowich
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was hand-delivered to Dennis Jenkins, United States Probation Officer, and Andrew Reich, Assistant United States Attorney, on May 2, 2008.

/s/ Kevin J. Fitzgerald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA )
)
VS. ) CR No. 08-0005 S
)
MICHAEL KARPOWICH )

---

MEMORANDUM IN SUPPORT OF MOTION FOR DOWNWARD DEPARTURE

Michael Karpowich has moved this Court to depart downward from the suggested guideline range because his criminal conduct here represents an aberrant chapter in his otherwise law abiding life. U.S.S.G. § 5K2.20. The Court may depart from the guidelines when the circumstances show the case to be atypical and outside the heartland of similar offenses. *United States v. Bogdan*, 284 F.3d 324, 327 (1st Cir. 2002); *United States v. Carrion-Cruz*, 92 F.3d 5, 6 (1st Cir. 1996). Mr. Karpowich clearly falls outside the heartland of defendants in similar cases.

I. Aberrant Behavior

The advisory sentencing guidelines provide for downward departures based on criminal conduct clearly outside the normal character of the defendant. U.S.S.G. § 5K2.20. The guidelines require the conduct to be based in a single occurrence of limited duration, devoid of significant planning, and contrary to an otherwise law-abiding life. *Id*. The guideline also disqualifies a defendant if the conviction involved firearms, drug trafficking, serious bodily injury or death, or if the defendant has a prior criminal record. *Id*. Mr. Karpowich's conduct here can be characterized as aberrant within the guideline's definition.

Mr. Karpowich is a 35 year old married father of three young children and a close caricature of mainstream America. He graduated from High School, attended college for a time, and has been employed for his entire adult life. He aspires to create and develop a business which will secure his family's future and thus be a good provider and father. Since graduating from high school he has

been active in his church, particularly as a CCD teacher. In all ways he has portrayed a typical person pursuing the American dream. Unfortunately, this instance of extremely poor judgment has stained his good reputation and threatened his retention on all of the good in his life.

Mr. Karpowich was presented with the opportunity to purchase an existing business which he felt he could maintain, manage, and further develop into a successful enterprise. He did not have the requisite capital for this investment and, in a rash exercise of his said poor judgment, he committed this fraud. In April, 2007, he both obtained the fraudulent credit line and took the monies from the bank.

There is no question that Mr. Karpowich has led an exemplary law abiding life but for this event. Although there are two crimes charged here, they are of a single design for a single purpose - to purchase a business. The whole crime played out over a very short period of time (less than one month). The crimes lacked significant planning or contemplation. He took monies from the bank without any effort to mask his theft, and he obtained the credit line, leaving a simple and clear trail back to himself, also without any effort to conceal his actions. The Court should agree, based on Mr. Karpowich's work ethic and clear past, that had he stopped and contemplated his actions and the potential consequences he would not have committed these offenses. These facts and circumstances plainly fall within the strictures of the aberrant behavior departure.

## II. Conclusion

Mr. Karpowich presents as an atypical defendant with a very good character and a single criminal instance. His circumstance falls well outside of the considered heartland of like cases. The Court must consider that Mr. Karpowich has never been in trouble before and despite committing this fairly serious offense, this conduct was clearly outside his normal character. For all of these reasons the Court should grant this departure.

Respectfully submitted
Michael Karpowich
By his attorney,

/s/ Kevin J. Fitzgerald, 5775

Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was hand-delivered to Andrew Reich, United States Probation Officer, and Dennis Jenkins, Assistant United States Attorney, on May 2, 2008.

/s/ Kevin J. Fitzgerald