UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA )
)
VS. ) CR No. 08-0005 S
)
MICHAEL KARPOWICH )

---

MOTION FOR SENTENCE CONSIDERATION

Now comes Michael Karpowich, the Defendant in the above captioned matter, and moves this Honorable Court, pursuant to Local Rule of Criminal Procedure 32 (2006), to consider and impose a sentence that is sufficient, but not greater than necessary, in compliance with18 U.S.C. § 3553(a), and below the suggested advisory guideline range. After considering all the appropriate information present in this case, the Court should conclude that the advisory guidelines call for a sentence longer than necessary. Mr. Karpowich requests the Court impose a sentence of 1 day in custody followed by supervised release with the appropriate conditions. Under the unique circumstances presented here, this sentence will be sufficient to satisfy the purposes of sentencing as dictated by 18 U.S.C. § 3553(a).

Respectfully submitted
Michael Karpowich
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this notice was delivered by hand-delivery to Andrew Reich, Assistant United States Attorney, and Dennis Jenkins, United States Probation Officer, on May 2, 2008.

/s/ Kevin J. Fitzgerald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 08-0005 S |
| | ) | |
| MICHAEL KARPOWICH | ) | |

---

MEMORANDUM IN SUPPORT OF SENTENCING

I. Introduction

Mr. Karpowich respectfully submits this memorandum to assist the Court in determining a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of sentencing. 18 U.S.C. § 3553(a) (2007). Additionally, Mr. Karpowich submits this memorandum in support of his Motion for Sentencing Consideration advocating for a sentence below the suggested guideline range. The Court is required to sentence a defendant below the advisory guideline range if such a sentence is sufficient to achieve the purposes of sentencing. *Id*. Mr. Karpowich requests the Court to impose a sentence of 1 day in custody followed by supervised release. This recommendation is sufficient to adequately addresses society's needs of punishment and deterrence in this instance without being longer than necessary.

II. Factual and Procedural Background

In May, 2007, Bank of America discovered irregularities in transactions handled by Mr. Karpowich during the course of his employment. When questioned Mr. Karpowich admitted to fraudulently applying for a line of credit and using those proceeds as well taking approximately $8600 from the bank. In September, 2007, Mr. Karpowich answered similar questions and again admitted his wrongdoing to investigating government agents. The government arrested Mr. Karpowich on January 4, 2008, based a complaint filed with the Court charging him with bank fraud and embezzlement. On January 31, 2008, Mr. Karpowich appeared before the Court, waived the

indictment process, and was arraigned on the present information. On February 11, 2008, Mr. Karpowich appeared before the Court and pled guilty to the counts in the information. Sentencing is scheduled for May 16, 2008. Mr. Karpowich has been released on bail pending the disposition of this case since January 4, 2008, and has been fully compliant with all conditions of his release.

III. Sentencing Considerations

A. General

The Court must follow 18 U.S.C. 3553(a) when determining the appropriate sentence in this case. The statute directs the Court to impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing. 18 U.S.C. § 3553(a). Those purposes include providing just punishment, creating general and specific deterrence, incapacitating the defendant, and rehabilitating the defendant. 18 U.S.C. § 3553(a)(2). In order to effect these purposes the Court must consider an array of general and specific items of relevant information.

The specific information predictably pertains to the defendant and his particular circumstances. 18 U.S.C. § 3553(a)(1). The Court considers his background and character through a complex summary of the defendant's life history. This information typically comes from the defendant, defense counsel, family and friends, medical and psychological examinations, the presentence investigation report, and, in some cases, the government. The Court must also consider the unique facts surrounding the charges upon which the defendant will be sentenced. In many cases the Court may need to also consider the unique facts of the defendant's prior convictions. The district judge then uses all of the compiled individual information when determining the appropriate sentence.

Under the statute, the Court must also consider general information including the types of sentences available and the advisory guideline range[1]. 18 U.S.C. § 3553(a)(4) & (5). Congress tasked the Sentencing Commission to develop guidelines for "categories of offenses" and "categories of defendants," (28 U.S.C. § 994(c) & (d)), in a manner consistent with 18 U.S.C. § 3553(a)(2). 28 U.S.C. § 991(b)(1)(A). The Commission was not instructed, however, to weigh individual

---

[1] The United States Sentencing Guidelines rendered advisory, not mandatory, by *United States v. Booker*, 543 U.S. 220 (2005).

characteristics or effectuate the parsimony principle into its advisory guidelines.

The sentencing process includes the calculation of the advisory guideline range, the motion and argument of guideline departures, and the weighing of relevant information affecting sentencing factors under § 3553(a). *Gall v. United States*, 552 U.S. ___, 2007 U.S. LEXIS 13083, ***20-21 (2007) (following *Rita v. United States*, 551 U.S. ___, 2007 U.S. LEXIS 8269 (2007)). The district court must consider all of that information, make an individualized assessment of the information, decide whether the information supports the sentence requested by either party, and decide the appropriate length of the sentence. *Gall*, 2007 U.S. LEXIS 13083, at ***21. The sentencing court may not presume the guideline suggested range to be appropriate or reasonable. *Rita*, 2007 U.S. LEXIS 8269, **16-17, **25.[2] The sentencing court must "calculate the advisory sentencing guideline range accurately, so that they can derive whatever insight the guidelines have to offer, but ultimately they must sentence based on 18 U.S.C. § 3553(a) without a thumb on the scale favoring a guideline sentence." *United States v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir. 2007) (interpreting *Rita).* If the Court determines that a sentence outside the guidelines is appropriate it must ensure that the justification is sufficient to support the variance. *Gall*, 2007 U.S. LEXIS 13083, at ***21. Extraordinary circumstances are not required for a variance. *Id*. at ***16. The respect and considerate weight due for the suggested guideline range, statute direction notwithstanding, is born from the Sentencing Commission's production of certain guidelines based on empirical study and review of past practice. *See United States v. Smith*, 445 F.3d 1, 4 (1st Cir. 2006). Not all guidelines, however, are based on such data and sentencing courts are therefore free to disagree with suggested guideline ranges on pure policy grounds. *Kimbrough v. United States*, 552 U.S. ___, 2007 U.S. LEXIS 13082, ***31-32 (2007). Again, the Court must justify its disagreement to the extent that it results in a variant sentence.

In light of the Supreme court rulings in *Rita*, *Gall*, and *Kimbrough*, several First Circuit post-*Booker* sentencing dictates no longer apply. First, the suggested guideline sentence ranges do not carry any preeminence over other sentencing considerations in § 3553(a). *See Gall*, 2007 U.S.

---

[2] The Supreme Court reserved a non-binding rebuttable presumption that a guideline sentence is reasonable for appellate review. *Id*.

LEXIS 13083, at ***21; *Rita*, 2007 U.S. LEXIS 8269, **16-17, **25.[3] Second, a sentence which varies from the suggested guideline range need not be supported by sliding scale reasoning which would require "greater" justification the greater the variance. *Gall*, 2007 U.S. LEXIS 13083, at ***21.[4] And third, the Court is now free to disagree with and vary from a suggested guideline range based on policy disagreement. *Kimbrough v. United States*, 552 U.S. ___, 2007 U.S. LEXIS 13082, ***31-32 .[5]

The sentencing judge is in the best position to accurately and efficiently determine the appropriate sentence in an individual case. Congress has charged the district court, not the Sentencing Commission, with that duty. 18 U.S.C. § 3553(a). Only the judge can assess the character and background of an individual. Only the judge can enforce the parsimony directive. Only the judge can look the defendant in the eye at sentencing. "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113 (1996). This Court must determine the appropriate sentence, one that is sufficient but not greater than necessary, by incorporating all of the considerations under § 3553(a).

B. Personal Background

Mr. Karpowich grew up in Pawtucket as the middle child of three with his parents in a very typical middle class setting. His parents were involved in his life and education, they set good examples of the value of hard work, and made his childhood safe and secure.

Mr. Karpowich attended Catholic schools in Pawtucket as a child, and graduated from St. Raphael's Academy in 1991. He continued his education attending college at the University of

---

[3] Overruling, *e.g.*, *United States v. Smith*, 445 F.3d 1, 4 (1st Cir. 2006), crediting the guidelines with a heightened importance among sentencing factor considerations.

[4] Overruling *Smith*, *supra*, and *United States v. Thurston*, 456 F.3d 211 (1st Cir. 2006), to the extent that those rulings required more and extraordinary circumstances the greater the sentence varied from the guideline range.

[5] Overruling *United States v. Pho*, 433 F.3d 53 (1st Cir. 2006).

Rhode Island, Rhode Island College, and the Community College of Rhode Island.

He has compiled a noteworthy record of employment; maintaining continuous employment since 1990 when he was still in high school. In addition to his jobs he has also been involved in several business enterprises. Since losing his job with Bank of America, Mr. Karpowich directly maintained the operation of one business while also participating in another, and he was also able to secure three other jobs during this period.

Mr. Karpowich married in 1997. He and his wife own the house in which they live and they have three children under the age of 3 years; a 2 ½ year old son and one year old twins (boy and girl). Despite his wife's obvious concern regarding her husband's conduct and its consequences, the marriage remains in tact.

The Catholic Church has always had a significant place in Mr. Karpowich's life. As a child he attended Catholic schools, went to church with his parents, and went through the catechism program. As an adult he volunteered as a layperson in his longtime parish of St. Leo's in Pawtucket. He served as a CCD teacher there for approximately 10 years as well as establishing a youth choir and working with the parish's CYO. For the past three years he has been a member of the St. Francis parish in Warwick. He has continued to teach CCD at St. Francis. He has also volunteered on occasion at his wife's childhood parish; Holy Ghost in Attleboro, MA. Fortunately for Mr. Karpowich, his long standing faith has significantly helped him deal with his current circumstance and place it in its proper context while also trying to maintain his marriage and care for his children.

C. Nature of the Offense

The offenses charged do not represent the more serious crimes that come before this Court. They are not crimes of violence and not associated with the trafficking of controlled substances. They are, however, felony charges and when confronted and considered by a person like Mr. Karpowich they are at least as serious. Mr. Karpowich's conduct certainly had an effect upon the bank's operation and on Mr. Tzviatkov's confidence in the bank. Mr. Karpowich recognizes and appreciates the damage he caused.

His appreciation for the seriousness here is magnified by the consequences, both direct and collateral, that Mr. Karpowich now faces. As a firmly established productive member of society he

stands to lose far more than his liberty. He will from now on be deemed a felon and lose certain rights afforded other citizens, including his right to vote and hold office, serve as a juror, and to possess firearms. Professionally he will be barred from the financial industry, he may be limited as to the business ventures in which he may participate, and he will suffer prejudice from potential employers. Personally he has to deal with the impact of his conviction on his family. His marriage is strained, he has jeopardized his ability to be the father and provider to which aspired, and he has disappointed his parents and family. It is in this context Mr. Karpowich considers the seriousness of his misconduct.

D. First Time Offender

Mr. Karpowich has no other contacts with the criminal justice system. He has led an exemplary life. He has maintained employment his entire adult life. He is married with three children. He is active in his church. Essentially, he has firmly established himself as a productive member of society.

When establishing the Federal Sentencing Guidelines, Congress mandated that the United States Sentencing Commission "insure that the guidelines reflect the general appropriateness of imposing a sentence other than imprisonment in cases in which the defendant is a first offender who has not been convicted of a crime of violence or an otherwise serious offense, . . ." 28 U.S.C. § 994(j). The Commission attempted to apply that direction to the guidelines in several ways. First, it established the criminal history gradations to differentiate defendants based on their past criminal behavior or lack thereof. *See* U.S.S.G. § 4 (Criminal History and Criminal Livelihood). Category I of the guidelines criminal history assessment covers first time offenders because they would have no prior criminal contacts. The Commission also established a departure ground for aberrant behavior (see U.S.S.G. § 5K2.20) and the safety-valve adjustment (see U.S.S.G. § 5C1.2) to address first offenders. These applications, however, do not necessarily fulfill Congress's intent in 28 U.S.C. § 994(j). For example, criminal history category I applies to first time offenders as well as defendants with minor criminal contacts or dated uncounted convictions.[6] The Court must consider

[6] Recognizing this wrinkle, the Commission has further studied the different types of defendants who fall into category I and their rates of recidivism with the eye towards adjusting

Congress's counsel to impose non-jail sentences on first time offenders not convicted of crimes of violence or other serious felonies. 28 U.S.C. § 994(j). Mr. Karpowich fits squarely into to Congress's definition of a first time offender.

Again, Mr. Karpowich has no previous criminal record. His actions show a marked diversion from his exemplary life. He presents a compelling case for a downward departure based on aberrant behavior (addressed in a separate motion). His situation supports a significant variant sentence based on the aberrant nature of his conduct and his first time offender status. His situation supports a non-jail disposition.

E. The Minimally Sufficient Sentence

The sentencing statute directs the Court to impose a parsimonious sentence supporting the purposes of sentencing: just punishment, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a). Just punishment must reflect the seriousness of the crime, the culpability of the defendant, and must also promote respect for the law and process. The Court in this case must also particularly consider the types of sentences available. 18 U.S.C. § 3553(a)(5). Mr. Karpowich's requested sentence adequately promotes and supports these purposes.

When determining the minimally-sufficient sentence, the Court must basically ask whether a more severe sentence would achieve greater justice, deterrence, incapacitation, or rehabilitation. The advisory guidelines suggest a prison sentence of 12 to 18 months. PSR ¶ 51.[7] This recommendation, however, lacks proper foundation. First, it does not comport with or consider Congress's instructions with regard to first time offenders as discussed supra. *See* 28 U.S.C. § 994(j). Second, the guidelines do not consider the unique personal facts and circumstances of Mr. Karpowich and his particular conduct. His unique situation is compelling. Third, this particular guideline, U.S.S.G. § 2B1.1, bases the suggested sentence wholesale on the amount of the financial

---

the criminal history category scheme. *See generally*, Recidivism and the First Offender, United States Sentencing Commission (May 2004) (available at www.ussc.gov/publicat/Recidivism_FirstOffender.pdf ) ("First Offender Report").

[7] Notwithstanding the effect of a pending defense objection which would result in a range of 8 to 14 moths if sustained by the Court.

loss. While the amount of loss may have logical link to a defendant's level of culpability, it certainly is not the only measure. Moreover, this guideline is not based on any empirical study or past practice, and therefore should be viewed with greater scrutiny by the Court when determining the appropriate sentence. *Kimbrough*, 552 U.S. ___, 2007 U.S. LEXIS 13082, ***31-32 (2007). While the Court must consider the suggested guideline sentence, the facts here do not support a term of imprisonment.

The purpose of incapacitation serves to punish a defendant as well as protect society from the individual. Neither reason justifies a prison sentence in this instance. For Mr. Karpowich, the proposed sentence provides sufficient punishment considering his entire circumstance. He faces the significant collateral consequences discussed supra. He also faces the conditions of supervised release, which present a significant punishment in and of itself.[8] [9] Mr. Karpowich will be under the observation, supervision and management of the Probation Department for several years. He will not be allowed to come and go as he pleases, live as he pleases, or make life decisions as he pleases. A sentence of supervised release here also presents greater potential benefits to society than a prison sentence. Mr. Karpowich now has a stable home and continues to work. He is able provide for his family while complying with bail conditions. He also prospectively shows great promise to provide for restitution. Any term of incarceration, however brief, will upset this stability and would certainly exacerbate the collateral consequences to Mr. Karpowich and his family. A non-jail sentence, of course, also saves taxpayers the cost of incarcerating Mr. Karpowich. A greater sentence, a jail sentence, will not achieve greater justice here.

Mr. Karpowich sits distinctly before this Court for sentencing because his potential for recidivism is practically nil. The fact of conviction for a felony offense will aptly serve as a

---

[8] "'[P]robation is not an act of leniency. Probation is a substantial restriction of freedom, it is not forgiveness, and it is not an endorsement of the offense.' The Defendant will have to comply with strict reporting conditions . . . . He will not be able to change or make decisions about significant circumstances in his life, such as where to live or work, which are prized liberty interests, without seeking authorization from his probation officer or . . . the Court." United States v. Gall, 374 F. Supp. 2d 758, 763 (S.D. Iowa 2006)

[9] Congress expressly recognizes probation as a punishment option. 18 U.S.C. § 3551(b). Supervised release represents the probation equivalent in this instance.

sufficient deterrent to Mr. Karpowich. The United Sentencing Commission, as part of its charter, studied the concept of recidivism and identified many factors which correlate with the possibility of defendants reoffending. Mr. Karpowich embodies a number of factors which lower the predicted chance of his recidivism. For example, Mr. Karpowich is educated, married with children, a first time offender, has no substance abuse problems and has strong employment history. *See* Measuring Recidivism: The Criminal History Computation of The Federal Sentencing Guidelines, United States Sentencing Commission, at 12-13 (May 2004) (available at www.ussc.gov/publicat/Recidivism_General.pdf ) ("Recidivism Report"). All of these attributes lower the likelihood of Mr. Karpowich committing future crimes. Further, the Sentencing Commission has determined through study that first time offenders (persons with no other contact with the criminal justice system at all) recidivate at the lowest rate of any distinct group; 6.8%. *See* First Offender Report, at 13-14, 16-17. That rate of recidivism does not include considerations of age, education, and employment, etc., which would push the prediction even lower. Realistically, Mr. Karpowich does not present any threat to commit any future crime. A prison sentence does not properly address any necessary deterrent, and has no impact on Mr. Karpowich's potential to reoffend.

IV. Conclusion

The Court must impose the minimally sufficient sentence in this matter per the guidance of 18 U.S.C. § 3553(a). Considering all of the unique facts of Mr. Karpowich's background and his offense conduct the Court should impose the defense proposed sentence. A term of supervised release is supported by the facts and follows Congress's will based on Mr. Karpowich's status as a first time offender. A prison sentence, however brief, would impose a great hardship on Mr. Karpowich and his family, disrupt the stability he presently maintains, and cost the public in terms of money for incarceration as well as lessening his ability to provide restitution in the future. A prison sentence here simply does not promote the purposes of 18 U.S.C. § 3553(a). For all of these reasons the Court should impose the proposed sentence.

Respectfully submitted
Michael Karpowich
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this notice was delivered by hand-delivery to Andrew Reich, Assistant United States Attorney, and Dennis Jenkins, United States Probation Officer, on May 2, 2008.

/s/ Kevin J. Fitzgerald